IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| SAMUEL PASION, | ) | CV. NO. 10-00443 HG-LEK |
| | ) | CR. NO. 03-00200-07 HG |
|     Petitioner, | ) | |
| | ) | ORDER DENYING PETITION FOR |
|   vs. | ) | WRIT OF HABEAS CORPUS AND |
| | ) | DENYING A CERTIFICATE OF |
| LINDA T. McGREW, | ) | APPEALABILITY |
| | ) | |
|     Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner is a federal prisoner incarcerated at the Federal Detention Center, located in Honolulu, Hawaii ("FDC Honolulu"). Petitioner is serving a term of 115 months for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846, and possession of a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g). Petitioner argues that the Bureau of Prisons ("BOP") will fail to properly consider him for transfer to a Residential Reentry Center ("RRC") for the maximum allowable twelve-month period provided for by 28 U.S.C. § 3624(c) (as amended by the Second Chance Act of 2007, Pub. L. No. 110-199).

The Court has jurisdiction over this petition pursuant to 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (holding that a federal prisoner may bring a habeas action to challenge the manner, location, or conditions under which a sentence is executed pursuant to § 2241). After

careful review of the Petition, the entire record, and consideration of Petitioner's claims, this Court DENIES the Petition and declines to grant a certificate of appealability.[1]

## I. BACKGROUND

The Petition provides the barest details of Petitioner's conviction and sentence on its first page, as set forth above. The Petition's first page also shows that Petitioner is projected to be released from BOP custody in October 2011, via good conduct time. The remainder of the Petition contains no other specific facts explaining how Petitioner's rights were violated under the Second Chance Act, or detailing what Petitioner has or has not done to pursue BOP consideration for release to an RRC. In fact, other than the first page, the Petition is an exact replica of the petition submitted in *Cavaco v. McGrew*, Civ. No. 10-00033 DAE, including the identical exhibits. It is, in other words, a generic, form petition that is intended to protest the BOP's supposed improper interpretation of the Second Chance Act's provisions regarding the determination and timing of federal prisoners' pre-release custody into an RRC pursuant to 18 U.S.C. § 3624(c).

The Second Chance Act requires the Director of the BOP to "ensure that a prisoner serving a term of imprisonment spends

---

[1] This matter is suitable for disposition without a hearing. *See* Rule LR7.2(d) of the Local Rules of Practice for the District of Hawaii.

a portion of the final months of that term (not to exceed 12 months)" in a residential reentry center, community correctional facility, halfway house, or under other conditions "that will afford th[e] prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."  18 U.S.C. § 3624(c)(1).

      Petitioner complains that "the BOP has taken a position that they are not placing anyone in an RRC for longer than six months despite the Act granting all inmates the right to be considered for up to twelve months."  (Pet. at 15.)  According to the Petition, this alleged policy violates the Second Chance Act's mandate that prisoners be considered on an individual basis using five statutory factors set forth in the Act.  The Petition posits that prisoners are entitled to be considered for transfer to the pre-release program for the full twelve-month period at least seventeen to nineteen months before their projected release date.  Petitioner asks the Court to waive the requirement that he exhaust his administrative remedies on the basis of futility, despite the fact that he is, as yet, ineligible for pre-release, and does not appear to have been denied consideration for release.

## II. ANALYSIS

### A. Petitioner Lacks Standing to Pursue Habeas Relief

Petitioner's claims appear to be completely speculative at this point. Petitioner provides no facts showing that he has been denied consideration for entry into an RRC, or that he was considered and improperly rejected for RRC placement. Petitioner argues that, to fulfill its duty under the act, the BOP must begin considering federal inmates "for pre-release RRC placements 17-19 months before their projected release dates." (Pet. at 3 ¶ 5.) Yet he provides no dates or other evidence of the BOP's failure to consider him for RRC placement. In fact, Petitioner signed the Petition on March 15, 2010, and sent it immediately to the U.S. Attorney more than **twenty months** before his projected release date.[2] Petitioner simply presents the fact of his conviction, his projected release date of October 2011 (based on continued good time accrual), and then argues that he should be excused from grieving his claims, because they will only be denied and are therefore futile. It is axiomatic that Petitioner cannot grieve a wrong that has not yet occurred, but that, in itself, does not make the grievance process futile.

Similarly, Petitioner's speculative claims for relief are barred in federal court because they provide no live case or

---

[2] The Court did not receive the Petition from the U.S. Attorney's office until July 29, 2010.

controversy.  In *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983), the Court held that "those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."  *Id.* at 101 (citations omitted).  Abstract injury is not enough to establish an actual case or controversy.  A plaintiff "must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'"  *Id.* at 102 (citations omitted).

   Petitioner does not allege or show that he has suffered harm, or is in immediate danger of sustaining an injury as a result of any improper BOP policy.  The facts before this Court suggest that Petitioner prepared and served this Petition three months before he was even eligible for consideration for RRC placement, accepting Petitioner's own argument as correct.  Insofar as nothing has yet occurred to harm Petitioner, this Court lacks jurisdiction to entertain Petitioner's claims for habeas relief.

**B.** **The Act Does Not Mandate Twelve Months in an RRC**

   Even liberally construing the Petition's generic claims as asserting that Petitioner himself has been denied placement in

an RRC, Petitioner's interpretation of the Act is incorrect.  The Petition asserts that the Second Chance Act requires the BOP to give a federal inmate up to twelve months in an RRC facility.  Petitioner thus argues, albeit generically, that he is entitled to the full twelve months based on his interpretation of the Act.

Section 3624(c)(1), as amended by the Act, requires the Director of the BOP to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months)" in a residential reentry center, community correctional facility, halfway house, or under other conditions "that will afford th[e] prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."  18 U.S.C. § 3624(c)(1).

When it passed the Second Chance Act, Congress expressly stated that "[n]othing in this Act or an amendment made by this Act shall be construed as creating a right or entitlement to assistance or services for any individual, program, or grant recipient."  42 U.S.C. § 17504.  A plain reading of § 3624(c)(1), as amended by the Act, reveals that while the BOP Director must ensure that an inmate spends "a portion" of the final months of his sentence in a community correctional facility or RRC, the Director has the discretion to set the time period which may "not exceed 12 months."  The twelve-month time period is a maximum

time limit – the BOP Director is not *required* to place a prisoner in an RRC for 12 months.

The BOP Director's discretionary authority to decide on the time period for RRC placement is also expressly provided for in the Act, which states:

> NO LIMITATIONS – Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C. § 3624(c)(4).  Other courts have also concluded that the BOP retains discretion under the Second Chance Act to decide when an inmate should be placed at an RRC, provided that such a pre-release confinement is practicable and the BOP considers the factors set forth in the statute for determining the length of pre-release confinement.  *See Hayes v. Grayer*, 2009 WL 4906864 (N.D. Ga. 2009) (slip copy) (citing *Miller v. Whitehead*, 527 F.3d 752, 757-58 (8th Cir. 2008).  The Act did not create a statutory right entitling the Petitioner to a full twelve months in an RRC, and even as of today's date, Petitioner still has fifteen months to serve.

**C.   Petitioner Offers No Evidence That He Was Improperly Evaluated For RRC Eligibility**

The Petition alleges that the BOP's policy is not to place any inmate in an RRC for longer than six months.  This allegation is based on public comments allegedly made by BOP Director Harley Lappin in 2008 regarding the Second Chance Act, in which Mr. Lappin allegedly stated that the BOP would not place

anyone in an RRC for longer than six months.  The Petition also argues that the Second Chance Act requires the BOP to grant prisoners the twelve-month maximum at an RRC unless application of the five factors in § 3621(b) warrant a placement for a lesser period of time.

In *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008), the Ninth Circuit Court of Appeals struck down 28 C.F.R. §§ 570.20 and 570.21, under which the BOP attempted to "exercise its discretion categorically to limit inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months."  541 F.3d at 1187.  The court reasoned that the C.F.R. regulations conflicted with the intent of § 3621(b), that inmates be individually considered for placement in an RRC based on five factors outlined in the statute.[3]  *Rodriguez*, therefore, stands for the proposition that a prisoner must be considered for RRC placement on an individualized basis pursuant to the factors outlined in the

---

[3] The five factor criteria provided for in the statute are:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted, or (b) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the U.S. Sentencing Commission.

18 U.S.C. § 3621(b).

statute.  As courts have recognized, however, "the [Second Chance Act] does not require the BOP to provide prisoners with a detailed statutory analysis whenever a prisoner requests an immediate transfer to an RRC."  *Miller v. Whitehead*, 527 F.3d 752, 758 (8th Cir. 2008).

Petitioner fails to allege any facts that support his claim that the BOP's policy is not to place inmates in an RRC for longer than six months, other than Mr. Lappin's statement.  More importantly, Petitioner does not claim that the BOP failed to individually assess *him* based on the Second Chance Act's five statutory factors.  Instead, Petitioner simply requests that this court order "the BOP in good faith to consider Petitioner on an individualize (sic) basis using the five factors set forth in 18 U.S.C. § 3621(b)."  (Pet. at 18.)  Such a request is insufficient grounds for habeas relief.  Petitioner is not in custody in violation of the law and the Petition is **DENIED**.

### III.  CONCLUSION

Based on the foregoing, the Petition for Writ of Habeas Corpus is DENIED.

Petitioner has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 11, 2010



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

*Pasion v. McGrew* CV10-00443 HG-LEK psas\Habeas\dmp\Pasion 10-443 (2241 2d Chance Act)